UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD STUUT,

       Movant,

                                                      File No.  1:04-CV-693

v.

                                                      HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                         /

## **O P I N I O N**

This matter is before the Court on Movant Todd Stuut's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Stuut was charged in a single count indictment with Conspiracy to Distribute 500 grams or more of Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A)(viii). *United States v. Tillett, et al*, Case No. 1:01-CR-128, Docket #44 (W.D. Mich. 2001).  On the eve of trial, Stuut pled guilty to the offense charged.  On February 28, 2002, Stuut was sentenced to 108 months imprisonment and five years supervised release. Stuut appealed his sentence contending that his sentence was improperly enhanced by the Court for the possession of a weapon during the commission of a drug offense and that he was denied "safety-valve" status and a corresponding two-level reduction that such status would entail.  The Sixth Circuit affirmed Stuut's sentence in an opinion dated September 25, 2003.  *United States v. Johnson, et al*, 344 F.3d 562, 566 (6th Cir. 2003).  Stuut did not seek a *writ of certiorari*.

On October 18, 2004 Stuut timely filed the present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 raising a single ground for relief. Essentially Stuut claims that his counsel rendered ineffective assistance at sentencing and on appeal by failing to argue that he was sentenced in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004).[1]

I.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "To prevail under § 2255, [movant] must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

In an action to vacate or correct the sentence, the court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion

---

[1] Although *Blakely* concerned the State of Washington's sentencing scheme, the *Blakely* analysis was extended to federal sentencing guideline issues in the recent Supreme Court opinion in *United States v. Booker*, 125 S. Ct. 738 (2005).

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Where, as here, the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Id.* (citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).

II.

Stuut's sole ground for relief is that his counsel rendered ineffective assistance at sentencing and on appeal by failing to argue that the Court improperly enhanced his sentence pursuant to U.S.S.G. § 2D1.1 for possession of a weapon during the commission of a drug offense based upon facts that had not been admitted in the guilty plea or proven to a jury beyond a reasonable doubt. Essentially, Stuut is arguing that his counsel failed to raise a *Blakely* (now *Booker*) claim.[2]

Stuut couches his claim in terms of his counsel's failure to object to the Court's lack of jurisdiction to impose a sentence based upon facts not found by a jury beyond a reasonable

---

[2] The Sixth Circuit has determined that *Booker* does not apply retroactively to cases on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). This is consistent with the decisions of every circuit court to have addressed the issue. *See e.g. Lloyd v. United States*, 2005 WL 1155220 (3rd Cir. May 17, 2005); *In re Elwood*, 2005 WL 976998 (5th Cir. April 28, 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).

doubt. While the Supreme Court has recently held that such a claim is a violation of the Sixth Amendment, this claim does not implicate the jurisdiction of the Court. *See e.g. Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (holding that an *Apprendi* claim is not jurisdictional); *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002) (same); *United States v. Davis*, 348 F. Supp.2d 964, 967 (N.D. Ind. 2004) ("that *Blakely* may mean that the court committed a sentencing error does not mean that the court lacked jurisdiction.").

Nevertheless, Stuut asserts that his defense counsel rendered ineffective assistance at sentencing and on appeal. To show ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient [and] . . . that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy this test, Movant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" and that "counsel's errors were so serious as to deprive [Movant] of a fair trial, a trial whose result is reliable." *Id*. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

Counsel does not have an obligation to raise every possible claim "and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). Moreover, an attorney's failure to anticipate a change in the law is generally not considered ineffective

assistance of counsel. *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (quoting *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986); *see also United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (describing "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.").

With this legal background, Stuut's claim can be resolved relatively quickly. Stuut's claim fails because his counsel's performance at sentencing and on appeal did not fall below an objective standard of reasonableness by failing to raise a *Blakely*- or *Booker*-like argument. Stuut was sentenced well before the Supreme Court's decisions in both *Blakely* and *Booker*.[3] At the time Stuut's case was before this Court the governing law of this circuit was that, under the then-mandatory Sentencing Guidelines, the enhancement in § 2D1.1(b)(1) applied if the government established, by a preponderance of the evidence, that the defendant actually or constructively possessed a weapon and the possession was during the commission of the offense. *See United States v. Pruitt*, 156 F.3d 638, 649 (6th Cir. 1998). Further, at the time of Stuut's sentencing such factual determinations were made by the district court. *See e.g. United States v. Johnson*, 344 F.3d 562, 565. Counsel followed the law in place at the time of sentencing and his failure to anticipate *Blakely* and *Booker* does not render his performance ineffective. *See e.g., Fuller v. United States*, 398 F.3d 644, 650, n. 4 (7th Cir.

---

[3]Stuut was sentenced on February 28, 2002, the *Blakely* decision was issued on June 24, 2004, *Booker* was issued on January 12, 2005.

2005) (noting that an argument that trial counsel was ineffective for failing to anticipate *Blakely* and *Booker* would be untenable); *Muniz v. United States*, 360 F. Supp.2d 574 (S.D.N.Y. 2005); *United States v. Wenzel*, 359 F. Supp.2d 403, 411 (W.D. Pa. 2005); *Pena v. United States*, 2005 WL 1176073 (S.D.N.Y. May 18, 2005) (collecting cases).

Moreover, a review of the record demonstrates that defense counsel's performance was well within the range of reasonable professional judgment. At sentencing, defense counsel objected to the § 2D1.1(b)(1) enhancement, requested a downward departure for acceptance of responsibility, and requested that Stuut be sentenced at the bottom of the guideline range. *See* Docket #142, 1:01-CR-128, Sentencing Transcript at 3, 14. Further, counsel pursued the gun enhancement issue on appeal. *Johnson*, 344 F.3d at 566-67. The Court cannot say that defense counsel's conduct at sentencing and on appeal fell below the wide range of reasonable assistance. *Strickland*, 466 U.S. at 689. Accordingly, Stuut's claim of ineffective assistance of counsel is denied.

Stuut also contends that his appellate counsel was ineffective for failing to file a petition for rehearing en banc and allowing the 90-day time period for filing a *writ of certiorari* to expire. Neither claim is a cognizable constitutional violation. A defendant is entitled to effective assistance of counsel on the first appeal of his conviction where such an appeal is a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). A defendant, however, does not have a constitutional right to counsel in pursuing *discretionary* review of a conviction. *See Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (holding that defendant in

state criminal case did not have a constitutional right to counsel in pursuing discretionary review in the state supreme court); *Ross v. Moffitt*, 417 U.S. 600 (1974) (holding that there is no constitutional right to counsel in pursuing a *writ of certiorari* in the United States Supreme Court).

According to FED. R. APP. P. 35(a), the granting of a rehearing en banc is a discretionary function of the court of appeals. FED. R. APP. P. 35(a) ("A majority of the circuit judges . . . *may* order that an appeal or other proceeding be heard or reheard by the court of appeals en banc.") (emphasis added). Therefore, Stuut did not have a constitutional right to counsel in seeking rehearing or a *writ of certiorari*. Absent such a right, Stuut cannot assert a constitutional violation based upon his counsel's allegedly defective performance. *Accord Washpun v. United States*, 2004 WL 2030040 (6th Cir. Aug. 31, 2004) ("Because [movant] has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an *Apprendi* claim in that petition amounted to ineffective assistance."); *McNeal v. United States*, 1995 WL 290233 (6th Cir. May 11, 1995) (holding that a claim that counsel failed to file a petition for rehearing was not a constitutional violation).

Accordingly, Stuut's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. An order will be entered consistent with this opinion.

Date:    June 10, 2005                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE